UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>    Plaintiff,<br><br>v.<br><br>FRANKLIN, et al.,<br><br>    Defendant. | No. 2:17-cv-1741-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Joseph v. Noguchi*, No. 2:17-cv-1193-MCE-

ZC (E.D. Cal. June 12, 2017) (identifying plaintiff as a three-strikes litigant and denying plaintiff's application for leave to proceed in forma pauperis).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In this case, plaintiff alleges that a correctional officer threatened to assault him in January of 2017 and then placed him in administrative segregation when he did not consent to a cell move. *See* ECF No. 1. These allegations fail to demonstrate that plaintiff was under an imminent danger of serious physical injury when he filed this action in August of 2017. *See id.* Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Plaintiff has also requested an extension of time to file a certified trust account statement and a motion to amend the complaint. Both of those requests should be denied as moot.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) be denied;
2. Plaintiff's request for an extension of time to file a certified trust account statement (ECF No. 6) and motion to amend (ECF No. 8) be denied as moot; and
3. Plaintiff be ordered to pay the $400 filing fee within fourteen days from any district court order adopting these findings and recommendations. Failure to so comply will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 26, 2018.

                                              EDMUND F. BRENNAN
                                              UNITED STATES MAGISTRATE JUDGE